MOUNTZ (HODGSON v.). See Case No. 6,-569.

## Case No. 9,889.

### MOUNTZ v. JONES.

[1 Cranch, C. C. 212.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

INSOLVENCY—ACT 1774—DISCHARGE—POSTING AT CLERK'S OFFICE.

Under the insolvent act of 1774 (chapter 28), a discharge of the debtor is not valid unless a copy of the justices' certificate be affixed at the door of the county clerk's office.

Plea of release under the insolvent act of 1774 (chapter 28). General demurrer.

Mr. Mason, in support of the demurrer, contended that the release was not valid under the act of 1774. That act provides that a copy of the justices' certificate shall by the sheriff be affixed to the door of the clerk's office of the county, and at the door of the prison of the county. The prisoner must be confined in the county jail, and the debtor's property is to vest in the sheriff of the county. The plea states that the copy was put up on the door of the clerk of the corporation, and on the door of the jail of the corporation, and that the prisoner was confined in the jail of the corporation, in custody of the sheriff of the corporation. No power was vested in the corporation to have a jail. The justices met at the corporation jail.

Mr. Morsell, contra. The act of 1774, meant to apply to all cases of commitment for debt, where the debts did not amount to £200 sterling. It was not necessary that the commitment should be in the common jail of the county. The corporation jail, was a jail

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

of Montgomery county. Georgetown was part of the county of Montgomery. The justices acted not as ministerial, but as judicial officers, in discharging prisoners. Their certificate, is, therefore, conclusive evidence of a compliance with requisites of the act of 1774. The power to have a jail is an incident to the judicial power over criminals vested in the court of the corporation, by the charter of Georgetown, 1787 (chapter 23). The alderman's executions were returnable to the mayor's court, who had a right to commit on non-payment. It was a case within the spirit of the act of 1774.

THE COURT (CRANCH, Circuit Judge, contra,) were of opinion, that the plea was bad, because a copy was not set up at the door of the county jail, but only at the corporation jail.

KILTY, Chief Judge, thought. also, that the county justices had no authority to command the corporation sheriff.